UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS D. RAMOS, Jr., | ) | Case No. 1:09CV0506 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE DONALD NUGENT |
| | ) | (Magistrate Judge McHargh) |
| RICH GANSHEIMER, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| | ) | |

McHARGH, Mag.J.

The petitioner Luis D. Ramos, Jr. ("Ramos") has filed a petition for a writ of

habeas corpus, under 28 U.S.C. § 2254, regarding his 2005 convictions in the

Geauga County (Ohio) Court of Common Pleas for burglary and theft.  (Doc. 1.)

In his petition, Ramos raised two grounds for relief:

1.  Petitioner was denied due process of law when the trial court did
not determine that he understood the nature of the charges, rendering
his guilty plea involuntary, unknowingly and unintelligently.

2.  The trial court abused its discretion when it failed to conduct an
evidentiary hearing pursuant to [Ohio Rev. Code § ] 2953.21(a) & (C)
when the petitioner raised salient issues not raised in the trial court or
on direct appeal that clearly and unambiguously would have
warrant[ed] an acquittal.

(Doc. 1, § 12.)

Ramos amended his petition to add the two following additional grounds.

(Doc. 13, 21.)

3.  Ineffective assistance of counsel for failing to obtain and ignore evidence that is material and exculpatory that resulted in the prejudice of petitioner.

4.  Conviction obtained by the unconstitutional failure of the prosecution to disclose to petitioner evidence that is material and exculpatory to the prejudice of petitioner.

(Doc. 13, at 2-3.)


## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural background:

Appellant, Luis D. Ramos, Jr. ("Ramos"), was indicted on July 11, 2006, on one count of burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree, an additional count of burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree, and one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree.

Ramos appeared in the Geauga County Court of Common Pleas on September 29, 2006, for the purpose of entering into a written plea agreement pursuant to Crim.R. 11. Ramos pled guilty to a lesser-included offense of counts one and two, burglary, in violation of R.C. 2911.12(A)(3), felonies of the third degree, and guilty to count three, as charged.

On November 13, 2006, Ramos was sentenced to a three-year term of imprisonment on count one, a three-year term on count two, to be served consecutively with each other, and a one-year term on count three, to be served concurrently with counts one and two. Thus, Ramos' aggregate prison term was six years.

(Doc. 16, RX 16, at 1-2; State v. Ramos, No. 2007-G-2773, 2007 WL 4481388, at *1 (Ohio Ct. App. Dec. 21, 2007).)

Ramos did not file a timely direct appeal; however, the court of appeals granted Ramos leave to file a delayed appeal. (Doc. 16, RX 10-11, 13.) Ramos presented the following assignments of error:

1. Defendant was denied due process of law when the court did not determine that defendant understood the nature of the charges.

2. Defendant was denied due process of law when he was convicted of the offense where he did not enter a guilty plea.

3. Defendant was denied due process of law when the trial court failed to make an adequate inquiry concerning defendant's dissatisfaction with court-appointed counsel.

4. Defendant was denied due process of law when the court arbitrarily imposed consecutive sentences and without determining whether these were allied offenses.

5. Defendant was denied due process of law when the court imposed consecutive sentences without referencing the statutory criteria and based on judicial factfinding.

(Doc. 16, RX 14.) The court of appeals affirmed his conviction on Dec. 21, 2007. (Doc. 16, RX 16; State v. Ramos, No. 2007-G-2773, 2007 WL 4481388 (Ohio Ct. App. Dec. 21, 2007).)

Ramos did not properly file a timely appeal to the Supreme Court of Ohio, but the court granted his motion for a delayed appeal. (Doc. 16, RX 17-18.) Ramos presented the following proposition of law:

Appellant's guilty plea was not voluntarily, knowingly, and intelligently made when the trial court failed to inform and determine

3

that he understood the nature and elements of the lesser included offenses under Crim. R. 11(c)(2)(a).

(Doc. 16, RX 19.)  On July 9, 2008, the state high court denied Ramos leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 16, RX 21; State v. Ramos, 118 Ohio St.3d 1506, 889 N.E.2d 1025 (2008).)

Ramos had also filed a petition for post-conviction relief in the trial court on May 29, 2007, arguing that his plea was involuntary, and he received ineffective assistance of counsel.  (Doc. 16, RX 22.)

The trial court denied his petition on July 9, 2007.  (Doc. 16, RX 24.)  Ramos appealed that determination, presenting two assignments of error:

> 1.  Defendant was denied due process of law when his post-conviction petition was dismissed based on the court's personal recollection of the facts.

> 2.  Defendant was denied due process of law when the court overruled a petition for his post-conviction relief which alleges facts which would entitle a defendant to post-conviction relief.

(Doc. 16, RX 27.)  On July 25, 2008, the court of appeals affirmed the judgment of the trial court.  (Doc. 16, RX 29; State v. Ramos, No. 2007-G-2794, 2008 WL 2875450 (Ohio Ct. App. July 25, 2008).)

Ramos filed a timely appeal to the Supreme Court of Ohio, presenting the following propositions of law:

> 1. Whether the trial court abused its discretion when it failed to conduct an evidentiary hearing pursuant to [Ohio Rev. Code §] 2953.21(A) & (C) when the appellant raised salient issues not raised in

4

the trial court or on direct appeal that clearly and unambiguously
would have warranted an acquittal.

2. Whether this Supreme Court have subject matter jurisdiction where
the trial court judgment of conviction is not written signed by the
Judge, but merely rubber stamped, contrary to Cr. R. 32(c).

(Doc. 16, RX 31.)  On Jan. 28, 2009, the state high court denied Ramos leave to

appeal and dismissed the appeal as not involving any substantial constitutional

question.  (Doc. 16, RX 33; State v. Ramos, 120 Ohio St.3d 1488, 900 N.E.2d 198

(2009).)

Ramos filed this petition for a writ of habeas corpus on Feb. 27, 2009.  (Doc.

1.)


## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal

courts must apply when considering applications for a writ of habeas corpus.  Under

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

respect to any claim which was adjudicated on the merits by a state court.  The

Supreme Court, in Williams v. Taylor, provided the following guidance:

Under § 2254(d)(1), the writ may issue only if one of the following two
conditions is satisfied -- the state-court adjudication resulted in a
decision that (1) "was contrary to ... clearly established Federal law, as
determined by the Supreme Court of the United States," or (2)
"involved an unreasonable application of ... clearly established Federal
law, as determined by the Supreme Court of the United States."
Under the "contrary to" clause, a federal habeas court may grant the
writ if the state court arrives at a conclusion opposite to that reached

5

> by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Ramos has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

Several of the grounds put forward by Ramos allege violations of the Ohio Constitution.  The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of the Ohio Constitution is not properly before this court.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).


### III.  ALLEGED ABUSE OF DISCRETION

The second ground of the petition is that the trial court abused its discretion when it failed to conduct an evidentiary hearing pursuant to Ohio Rev. Code § 2953.21.  The respondent argues that this claim is not subject to habeas review, as it does not allege a constitutional violation, but only asserts a violation of state law. (Doc. 16, at 15.)  Ramos responds that he did in fact fairly present his claim to the state courts as a constitutional violation.  (Doc. 20, at 5-6.)

In his appeal of the trial court's denial of his petition for post-conviction relief, Ramos raised two assignments of error.  See generally doc. 16, RX 27. Neither of these specifically allege that the trial court abused its discretion by failing to conduct an evidentiary hearing.  The Sixth Circuit has held that "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court."  Wong v. Money, 142

F.3d 313, 322 (6th Cir. 1998); see also Jalowiec v. Bradshaw, No. 1:03CV0645, 2008 WL 312655, at *24 (N.D. Ohio Jan. 31, 2008).

Although Ramos presented these claims as "due process" violations, the bulk of his arguments relied on state law.  See generally doc. 16, RX 27.  The court of appeals "review[ed] the trial court's denial of Ramos' postconviction petition for an abuse of discretion."  (Doc. 16, RX 29, at 4; Ramos, 2008 WL 2875450, at *2.)

In addition, an alleged abuse of discretion by the state trial court, without more, is not a constitutional violation.  Stanford v. Parker, 266 F.3d 442, 459 (6th Cir. 2001), cert. denied, 537 U.S. 831 (2002) (citing Sinistaj v. Burt, 66 F.3d 804, 808 (6th Cir. 1995)).  However, when the court's decision results in an alleged violation of the defendant's constitutional rights, the court may examine the underlying issue.  Sinistaj, 66 F.3d at 808.

Nevertheless, habeas relief cannot be granted for an alleged due process violation in a post-conviction proceeding because the claim relates to a state civil matter.  Roe v. Baker, 316 F.3d 557, 570-571 (6th Cir. 2002), cert. denied, 540 U.S. 853 (2003) (citing Kirby v. Dutton, 794 F.2d 245, 247 (6th Cir. 1986)).  A petition for post-conviction relief, pursuant to Ohio Rev. Code § 2953.21, is a civil proceeding. Normand v. McAninch, 210 F.3d 372, 2000 WL 377348, at *5 (6th Cir. 2000) (TABLE, text in WESTLAW) (citing State v. Nichols, 11 Ohio St.3d 40, 463 N.E.2d 375 (1984)); State v. Steffen, 70 Ohio St.3d 399, 410, 639 N.E.2d 67, 76 (1994); State v. Apanovitch, 107 Ohio App.3d 82, 87, 667 N.E.2d 1041, 1044 (Ohio Ct. App.

1995) (post-conviction proceeding is collateral civil attack on judgment); Ramos, 2008 WL 2875450, at *1.

Even if Ramos could demonstrate that some error occurred during his state post-conviction proceeding, such a claim is not cognizable on federal habeas review. Cress v. Palmer, 484 F.3d 844, 853 (6th Cir. 2007); Roe, 316 F.3d at 571 (citing Kirby, 794 F.2d at 247); Greer v. Mitchell,  264 F.3d 663, 681 (6th Cir. 2001), cert. denied, 535 U.S. 940 (2002); Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir.), cert. denied, 519 U.S. 907 (1996) (citing cases).

The petition should not be granted on the second ground because it is not cognizable in habeas.


## IV.  EXHAUSTION

The third ground of the petition alleges ineffective assistance of trial counsel. The fourth ground of the petition alleges that the prosecution failed to disclose material, exculpatory evidence to the defense.[1]  (Doc. 13.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244

---

[1]  The "exculpatory" evidence concerns the allegation that sheriff's deputies confronted one of the burglary victims with Ramos (in person) for purposes of identification.  The victim apparently did not recognize Ramos, but said he was not sure because he had been half asleep.  Ramos believed this exchange may have been captured by the dashboard camera.  (Doc. 13, "Additional Grounds," at 2.)

F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  To satisfy the
exhaustion requirement, a habeas petitioner "must give the state courts one full
opportunity to resolve any constitutional issues by invoking one complete round of
the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S.
838, 845 (1999).  The exhaustion requirement is satisfied when the highest court in
the state has been given a full and fair opportunity to rule on the petitioner's
claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander,
912 F.2d 878, 881 (6th Cir. 1990)).

This court cannot consider a federal claim in a habeas petition which was not
fairly presented to the state courts.  Baldwin v. Reese, 541 U.S. 27, 29 (2004);
Picard v. Connor, 404 U.S. 270, 274-275 (1971); Jacobs v. Mohr, 265 F.3d 407, 415
(6th Cir. 2001).  A district court has discretion to raise sua sponte the failure to
exhaust.  Szuchon v. Lehman, 273 F.3d 299, 321 n.13 (3d Cir. 2001) (substantial
concerns of comity & federalism implicated by exhaustion doctrine) (citing cases);
Acosta v. Artuz, 221 F.3d 117, 121 (2d Cir. 2000) (citing cases); Hardiman v.
Reynolds, 971 F.2d 500, 502-503 (10th Cir. 1992); Allen v. Perini, 424 F.2d 134, 139
(6th Cir. 1970); Pate v. Tennessee, No. 2:08CV136, 2009 WL 673686, at *1 (E.D.
Tenn. Mar. 16, 2009).

Ramos did not present the claims in his third or fourth grounds to the state
high court for review on direct appeal.  See generally doc. 16, RX 14.  Thus, those
claims have been not been exhausted, and cannot be considered by this court.

10

## V. GUILTY PLEA

The first ground of the petition is "the trial court did not determine that he understood the nature of the charges, rendering his guilty plea involuntary, unknowingly and unintelligently." (Doc. 1, § 12.) The respondent contends that this claim is lacking in merit because the state court reasonably found that his plea was not involuntary. (Doc. 16, at 17-25.)

> Addressing this assignment of error, the state court of appeals found:

> A review of the record of the plea hearing demonstrates Ramos was aware of the nature of the charges against him. First, Ramos represented to the trial court that Attorney Umholtz, his court-appointed counsel, reviewed the plea agreement with him. Further, the plea colloquy contained statements by Ramos that he had personally reviewed and understood the plea agreement. The trial court, on three separate occasions, asked Ramos if he needed additional time to speak with his counsel about his change of plea. However, Ramos repeatedly answered, "[n]o." In addition, after the trial court stated the potential penalties for the amended charges, Ramos maintained that he understood them. Therefore, the record clearly reflects that based under the totality of the circumstances, the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a) and that Ramos was aware of the nature of the amended charges.

(Doc. 16, RX 16, at 1-2; Ramos, 2007 WL 4481388, at *2.)

The Supreme Court has ruled that a guilty plea which was made voluntarily, knowingly, and intelligently is constitutionally valid. DeSmyther v. Bouchard, No. 03-1419, 2004 WL 1921182 (6th Cir. Aug. 25, 2004) (per curiam), cert. denied, 125 S.Ct. 1642 (2005) (citing Brady v. United States, 397 U.S. 742 (1970)). Regarding habeas review of state plea bargains, the Sixth Circuit has stated:

> [A] federal court reviewing a state court plea bargain may only set
> aside a guilty plea or plea agreement which fails to satisfy due process.
> . . . If a defendant understands the charges against him, understands
> the consequences of a guilty plea, and voluntarily chooses to plead
> guilty, without being coerced to do so, the guilty plea . . . will be upheld
> on federal review.

DeSmyther, 2004 WL 1921182 (quoting Frank v. Blackburn, 646 F.2d 873, 882 (5th

Cir. 1980), cert. denied, 454 U.S. 840 (1981)).

Ramos had received a copy of the indictment, see, e.g., doc. 16, RX 2, which

gives rise to a presumption that he was informed of the nature of the (initial)

charges against him.  Bousley v. United States, 523 U.S. 614, 618 (1998).  In the

indictment, Ramos was charged with one count of Burglary, in violation of Ohio

Rev. Code § 2911.12(A)(1), a second degree felony; one count of Burglary, in

violation of Ohio Rev. Code § 2911.12(A)(2), a second degree felony; and one count of

Theft, in violation of Ohio Rev. Code § 2913.02(A)(1), a fifth degree felony.  (Doc. 16,

RX 1, indictment.)

In the plea agreement, he agreed to plead guilty (as to Counts One and Two)

to the lesser-included offense of Burglary, in violation of Ohio Rev. Code §

2911.12(A)(3), a third degree felony, and the charged crime of Theft.  (Doc. 16, RX 8

(Order on plea) and RX 34 (transcript of plea hearing).)  The essential elements of

the lesser-included third-degree burglary offense are present in the original charges

in the indictment.  See, e.g., In re Meatchem, No. C-050291, 2006 WL 2320787, at

*1 (Ohio Ct. App. Aug. 11, 2006) (lesser-included offense); State v. Brown, No.

C-980907, 2000 WL 492054, at *3 (Ohio Ct. App. Apr. 28, 2000) (lesser-included

offense).  See generally State v. Frazier, No. 05AP-425, 2006 WL 772047, at *2 (Ohio Ct. App. Mar. 28, 2006); State v. Mobus, No. CA2005-01-004, 2005 WL 3096614, at *1-*4 (Ohio Ct. App. Nov. 21, 2005).

> In his Traverse, Ramos asserts that:
>
> . . . the record contains no representation that counsel explained the charged offenses to him, there is no written plea agreement corroborating such a representation, nor does the plea colloquy contain a representation by Petitioner that he had received any information from his counsel that would lend credence to his understanding of the nature of the charges against him, or their essential elements.

(Doc. 20, at 3.)  It is true that the written plea agreement in the record, signed by counsel and not Ramos himself, does not establish these things.  See doc. 16, RX 7.

The record establishes that Ramos discussed the charges with his attorney before entering his guilty plea.  (Doc. 16, RX 34, at 5.)  Under those circumstances, "it is appropriate to presume that defense counsel explained the nature of the offense in sufficient detail to give [defendant] notice of what he was asked to admit." Whitley v. Lecureux, 811 F.2d 608, 1986 WL 18487, at *2 (6th Cir. 1986) (TABLE, text in WESTLAW) (per curiam) (citing Berry v. Mintzes, 726 F.2d 1142, 1147 (6th Cir. 1984); Henderson v. Morgan, 426 U.S. 637, 647 (1976)).  See also Moviel v. Smith, No. 1:08CV1612, 2010 WL 148141, at *8-*9 (N.D. Ohio Jan. 12, 2010) (citing Henderson); West v. Bradshaw, No. 1:06CV1123, 2007 WL 2780506, at *7-*8 (N.D. Ohio Sept. 24, 2007) (presumed to have been informed adequately by counsel of charge "even when the record is devoid of an explanation of the charge by the judge").

Moreover, Ramos points to nothing in this record which would indicate that he or his counsel did not correctly understand the essential elements of the lesser-included offenses of the indictment to which he pled guilty.  See generally Bousley, 523 U.S. at 618-619.

Habeas relief is only available if the petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Williams, 529 U.S. at 412-413.  Ramos has not established that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law.  The court does not find that the appellate court's ruling that the trial court  satisfied the constitutional requirements for accepting the plea was contrary to, or involved an unreasonable application of, clearly established federal law.  See generally doc. 16, RX 8 (Order on plea) and RX 34 (transcript of plea hearing).  The petition should not be granted on the basis of the first ground.

VI.  SUMMARY

The petition for a writ of habeas corpus should be denied.

As to the first ground, Ramos has not established that the state court's ruling on the voluntariness of his guilty plea was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  The petition should not be granted on the second ground,

14

concerning the trial court's failure to hold an evidentiary hearing on his petition for post-conviction relief, because it is not cognizable in habeas.

Ramos did not exhaust the claims in his third or fourth grounds in the state courts, thus, those claims cannot be considered by this court on habeas review.


<u>RECOMMENDATION</u>

It is recommended that the petition for a writ of habeas corpus be DENIED.


Dated:   Nov. 18, 2010            /s/ Kenneth S. McHargh
                                 Kenneth S. McHargh
                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).